NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YONATAN DE SALINAS FRANCO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-1056

Agency No.     A208-740-702

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 18, 2023[**]
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and ROSENTHAL,[***] District
Judge.

Yonatan de Jesus Salinas Franco ("Salinas Franco"), a native and citizen

of El Salvador, petitions for review of an order of the Board of Immigration

Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") denying

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lee H. Rosenthal, United States District Judge for
the Southern District of Texas, sitting by designation.

his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). As the parties are familiar with the facts of this case, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review denials of asylum, withholding of removal, and CAT relief for substantial evidence, *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019), meaning that "[t]o reverse the BIA, we must determine that the evidence not only *supports* a contrary conclusion, but *compels* it—and also compels the further conclusion that the petitioner meets the requisite standard for obtaining relief," *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (cleaned up).

1. Substantial evidence supports the BIA's denial of asylum and withholding of removal based on its conclusion that Salinas Franco failed to establish a nexus between any persecution and a protected ground. *See Aden v. Wilkinson*, 989 F.3d 1073, 1084 (9th Cir. 2021) (explaining that to meet the nexus requirement for asylum, "an applicant must show that the protected ground was 'at least one central reason' the applicant was persecuted" (quoting 8 U.S.C. § 1158(b)(1)(B)(i))); *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (explaining that to meet the nexus requirement for withholding, an applicant must show that the protected ground "was 'a reason' for his persecution" (quoting *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017))).

The record does not compel the conclusion that Salinas Franco established a nexus to his membership in his proposed particular social group of

"Salvadoran male who fears being murdered by violent gang members."
Rather, Salinas Franco testified that he was targeted by the police because he was believed to be a gang member, either due to his youth or being mistaken for his gang-member cousin. Salinas Franco fails to otherwise show that any harms he suffered were motivated *because of* his membership in his particular social group.

Nor does the record compel the conclusion that Salinas Franco established a nexus to an imputed political opinion. Salinas Franco does not identify any specific political opinion that he believes was imputed to him, let alone present evidence that "'his persecutors believed that he held . . . a political opinion'" and "'that he was harmed because of that political opinion.'" *See Singh v. Holder*, 764 F.3d 1153, 1159 (9th Cir. 2014) (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)).

Because the record does not compel reversal of the BIA's nexus determination, Salinas Franco's asylum and withholding of removal claims necessarily fail.[1] *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) (recognizing that a "lack of nexus to a protected ground is dispositive of [petitioner's] asylum and withholding of removal claims").

---

[1] We do not consider any matters "not specifically and distinctly raised and argued" in Salinas Franco's opening brief, including the agency's findings that the proposed particular social group was not cognizable and that the threats by the gang members did not rise to the level of persecution. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

2.  Substantial evidence supports the BIA's denial of CAT relief. Contrary to Salinas Franco's argument, the record does not compel the conclusion that the past harms he suffered—being threatened, robbed, and punched twice—rise to the level of torture.  *See, e.g.*, *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013) (holding that multiple physical beatings over several years and economic deprivation did not rise to the level of torture).  Considering the absence of past torture, the record does not compel the conclusion that Salinas Franco "more likely than not will be tortured if [he] is removed" to El Salvador.  *See id.*  Salinas Franco points to no other evidence "demonstrating the particularized and more-likely-than-not threat of future torture needed to obtain CAT relief."  *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022).

**PETITION DENIED.**